# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **DeQUITA DENISE BROADY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )  Civil Action No. 7:23-cv-01097-LSC |
| | ) |
| **DEPUTY HERD, etc., et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ANSWER TO FOURTH AMENDED COMPLAINT

COME NOW Defendants Jeremy Herd and Taylor Gregory and file their answer to the Plaintiff's Fourth Amended Complaint, and state as follows:

## INTRODUCTORY STATEMENT, JURISDICTION AND PARTIES

1. The averments in this paragraph constitute issues of law to be properly determined by the Court. Therefore, they are neither admitted nor denied. To the extent the averments in this paragraph can be construed as factual allegations seeking to impose liability on the Defendants, they are denied.

2. Admitted.

3. Defendants without knowledge to either admit or deny the allegations in this paragraph.

4. Defendant admits that he is identified.

5. Defendant admits that he is identified.

1

6. The averments in this paragraph do not require a response from the Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon the Defendant, they are denied.

7. The averments in this paragraph do not require a response from the Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon the Defendant, they are denied.

8. The averments in this paragraph do not require a response from the Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon the Defendant, they are denied.

## **FACTS**

9. The averments in this paragraph do not require a response from the Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon the Defendant, they are denied.

10. Denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Defendants admit that Broady was under the influence of drugs.

17. Admitted.

18. Defendants admit medical personnel were called. All other remaining allegations are denied.

19. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

20. Admitted.

21. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

22. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

23. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

24. Admitted.

25. Admitted.

26. Defendants admit Broady was handcuffed. All remaining allegations in this paragraph are denied.

27. Defendants admit that Broady called 911. Defendants are without knowledge to either admit or deny the remaining allegations in this paragraph.

28. Denied.

29. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

30. Denied.

31. Admitted.

32. Denied.

33. Defendants admit Broady was tased.

34. Denied.

35. Defendants admit that Broady had numerous "run ins" with law enforcement. All other remaining allegations are denied.

36. Defendants admit Broady was drive stunned.

37. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

38. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

39. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

40. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

41. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

42. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

43. Denied.

44. Defendants admit Broady was placed in a patrol car. All other remaining allegations are denied.

45. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

46. Denied.

47. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

48. Denied.

49. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

50. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

51. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

52. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted

58. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

59. Admitted.

60. Defendants admit that AED was used. All other remaining allegations are denied.

61. Defendants deny that officers took Broady to an abandoned hospital but admit that they took Broady to a helicopter pad for life flight.

62. Denied.

63. Admitted.

64. Denied.

65. Defendants are without knowledge to either admit or deny the allegations in this paragraph.

66. Denied.

67. Denied.

68. Plaintiff left this paragraph blank.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Admitted.

74. Denied.

### COUNT ONE
### § 1983 FOURTH AMENDMENT UNREASONABLE
### SEIZURE/EXCESSIVE FORCE (TASER)
### DEFENDANT HOMAN

75.– 85.   The claim in this Count is not directed against these Defendants; therefore, no response is required. To the extent a response is required, they are denied.

### COUNT TWO
### § 1983 FOURTH AMENDMENT UNREASONABLE
### SEIZURE/EXCESSIVE FORCE (TASER)
### DEFENDANT HERD

86. Defendants incorporate herein their responses to the foregoing paragraphs of the Fourth Amended Complaint as if the same were set out here in full.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied. Further, to the extent Defendants have not responded to all of the foregoing allegations of the Fourth Amended Complaint, all of the same are hereby denied. Defendants further deny all prayers for relief and deny that Plaintiff is entitled to the relief requested in the Fourth Amended Complaint.

## COUNT THREE
## § 1983 FOURTH AMENDMENT UNREASAONABLE SEIZURE/EXCESSIVE FORCE (TASER)
## DEFENDANT GREGORY

97. Defendants incorporate herein their responses to the foregoing paragraphs of the Fourth Amended Complaint as if the same were set out here in full.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied. Further, to the extent Defendants have not responded to all of the foregoing allegations of the Fourth Amended Complaint, all of the same are hereby denied. Defendants further deny all prayers for relief and deny that Plaintiff is entitled to the relief requested in the Fourth Amended Complaint.

## COUNT FOUR
## § 1983 FOURTH AMENDMENT UNREASONABLE SEIZURE/EXCESSIVE FORCE (TASER)

108. – 118.   The claim in this Count is not directed against these Defendants; therefore, no response is required. To the extent a response is required, denied.

## COUNT FIVE
## § 1983 FOURTH AMENDMENT UNREASONABLE SEIZURE/EXCESSIVE FORCE (FLASHLIGHT)
## DEFENDANT MOSS

119. – 129.   The claim in this Count is not directed against these Defendants; therefore, no response is required. To the extent a response is required, denied.

## COUNT SIX
## § 1983 FOURTH AMENDMENT UNREASONABLE SEIZURE/EXCESSIVE FORCE (BAR HOLD)
## DEFENDANT MOSS

130. – 140.   The claim in this Count is not directed against these Defendants; therefore, no response is required. To the extent a response is required, denied.

**COUNT SEVEN**
**§ 1983 FOURTH AMENDMENT UNREASONABLE**
**SEIZURE/EXCESSIVE FORCE (KICK)**
**DEFENDANT GREGORY**

141. Defendants incorporate herein their responses to the foregoing paragraphs of the Fourth Amended Complaint as if the same were set out here in full.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied. Further, to the extent Defendants have not responded to all of the foregoing allegations of the Fourth Amended Complaint, all of the same are hereby denied. Defendants further deny all prayers for relief and deny that Plaintiff is entitled to the relief requested in the Fourth Amended Complaint.

**COUNT EIGHT**
**§ 1983 FOURTH AMENDMENT UNREASONABLE**
**SEIZURE/EXCESSIVE FORCE (TASER – INSIDE CAR)**

**DEFENDANT MOSS**

152. – 162.   The claim in this Count is not directed against these Defendants; therefore, no response is required. To the extent a response is required, denied.

**COUNT NINE**
**§ 1983 FOURTH AMENDMENT FAILURE TO INTERVENE**
**DEFENDANT HOMAN**

163. – 169.   The claim in this Count is not directed against these Defendants; therefore, no response is required. To the extent a response is required, denied.

**COUNT TEN**
**§ 1983 FOURTH AMENDMENT FAILURE TO INTERVENE**
**DEFENDANT HERD**

170. Defendants incorporate herein their responses to the foregoing paragraphs of the Fourth Amended Complaint as if the same were set out here in full.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied. Further, to the extent Defendants have not responded to all of the foregoing allegations of the Fourth Amended Complaint, all of the same are hereby denied. Defendants further deny all prayers for relief and deny that Plaintiff

is entitled to the relief requested in the Fourth Amended Complaint.

## COUNT ELEVEN
## § 1983 FOURTH AMENDMENT FAILURE TO INTERVENE
## DEFENDANT GREGORY

177. Defendants incorporate herein their responses to the foregoing paragraphs of the Fourth Amended Complaint as if the same were set out herein full.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied. Further, to the extent Defendants have not responded to all of the foregoing allegations of the Fourth Amended Complaint, all of the same are hereby denied. Defendants further deny all prayers for relief and deny that Plaintiff is entitled to the relief requested in the Fourth Amended Complaint.

## COUNT TWELVE
## STATE LAW ASSAULT
## DEFENDANT MOSS

184. – 187.  The claim in this Count is not directed against these Defendants; therefore, no response is required. To the extent a response is required, denied.

## COUNT THIRTEEN
## WRONGFUL DEATH
## DEFENDANT MOSS

188. – 191.   The claim in this Count is not directed against these Defendants; therefore, no response is required. To the extent a response is required, denied.

## ENUMERATED AND AFFIRMATIVE DEFENSES

1. Defendants assert that they are not liable in any manner to Plaintiff regarding the allegations contained in the Fourth Amended Complaint.

2. Plaintiff's Fourth Amended Complaint fails to state a cause of action for violation of the Fourth Amendment to the United States Constitution against these Defendants.

3. Defendants are entitled to qualified immunity.

4. Defendants submit that Plaintiff's claims for excessive force against them are due to be dismissed because any use of force was objectively reasonable and constitutionally permissible under the circumstances.

5. Defendants submit that Plaintiff's claims for failure to intervene against them are due to be dismissed because the use of force was not constitutionally excessive and thus there was no need to intervene, nor time or opportunity to intervene.

8. Plaintiff's claims relief and for declaratory relief should be dismissed because such claims are not proper against Defendants sued only in their individual

capacities.

9. Plaintiff lacks, or may lack, standing to pursue these claims.

10. Defendants reserve the right to amend this Answer to add additional defenses as discovery progresses.

Done this the 16th day of December, 2025.

/s/ J. Randall McNeill
J. RANDALL MCNEILL
Attorney for Defendants Jeremy Herd and Taylor Gregory
WEBB MCNEILL FRAWLEY PC
One Commerce Street, Suite 700 (36104)
P.O. Box 238
Montgomery, AL  36101-0238
(334) 262-1850 – T
(334) 262-1889 – F
rmcneill@wmwfirm.com

s/Timothy B. McCool
TIMOTHY B. MCCOOL
Attorney for Defendants Jeremy Herd and Taylor Gregory

**OF COUNSEL:**
**TIMOTHY B. MCCOOL**
P.O. Box 270
Carrollton, Alabama 35447
(205) 367-8125
tim@timmccoollaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 16th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participants:

Johnathan F. Austin
AUSTIN LAW P.C.
P.O. Box 321173
Birmingham, AL 35212
austin@jaustinlawpc.com
*Attorney for Plaintiff*

Richard A. Rice
Spencer Bowley
THE RICE FIRM, LLC
420 20th Street North, Suite 2200
Birmingham, AL 35203
rrice@ricelawfirm.com
spencer@rice-lawfirm.com
*Attorneys for Plaintiff*

A. Courtney Crowder
Krista Brooke Roach
Tindol Pate
PHELPS, JENKINS, GIBSON & FOWLER, LLP
1201 Greensboro Avenue
Tuscaloosa, AL 35401
accrowder@pjgf.com
kroach@pjgf.com
tpate@pjgf.com
*Attorneys for Defendants City of Reform and Officer Homan*

C. Gregory Burgess
Stephanie Hall
LANIER FORD SHAVER & PAYNE, P.C.
2101 West Clinton Avenue, Suite 102
Huntsville, AL 35805
cgb@lanierford.com
smh@lanierford.com
*Attorneys for Defendant Anthony Durrah*

**/s/ J. Randall McNeill**
OF COUNSEL